Taft, J.,
concurring. ' The purpose of this opinion is to state briefly my reasons for concurring in the judgment.
In my opinion, in conducting this funeral, defendant would have had no duty to provide any police escort service for the funeral procession unless such duty had been imposed by some contract, ordinance or statute. Admittedly there was no such statute or ordinance.
I agree with the Court of Appeals that the Cleveland ordinance relied upon by plaintiff imposed no duty on defendant with respect to stickers or other markers being placed on the vehicle in which plaintiff was riding.
It is reasonably arguable that, if defendant had provided *398 one of its employees as a police escort for the funeral procession, it would have been liable for any injuries proximately resulting from the negligence of that police escort. For example, if the negligence of such a police escort in directing the vehicle in which plaintiff was riding through an intersection had been the proximate cause of a collision, plaintiff probably could have recovered from defendant on account of any injuries received in such collision. Cf. annotation, 48 A. L. R. (2d), 252. See also Tanzi v. New York Central Rd. Co. (1951), 155 Ohio St., 149, 98 N. E. (2d), 39.
However, the undisputed evidence in this case clearly discloses that, at the time of the collision in which plaintiff was injured, there was, and for a considerable time and distance prior thereto there had been, no police escort .for the portion of the funeral .procession occupied by the automobile in which plaintiff was riding, and both plaintiff and her husband, who was driving, knew that. Neither had seen the police escort except at the decedent’s home, at the funeral home, and later at East 66th Street and Woodland Avenue. After leaving that intersection, the procession had gone through many intersections a distance of about two miles before reaching the intersection of Shaker Boulevard and East Boulevard where the collision occurred.
At that time, in the absence of some direction by a police officer, the vehicle in which plaintiff was riding had no right to go through the red traffic light. Section 4511.12, Revised Code. Cf. subsequently enacted Section 4511.451, Revised Code, with respect'to right of way for funeral processions.
Plaintiff’s petition also alleges and plaintiff contends that the decedent’s widow contracted with defendant for adequate police escort service to protect persons riding in the funeral procession, that defendant only provided one police escort, that defendant’s failure to provide additional police escorts caused the collision, and that plaintiff can recover from defendant on account thereof as a beneficiary of that contract.
A fundamental difficulty with this contention is the absence of any evidence in the record tending to prove a contract for more than one police escort. Plaintiff testified she asked for “police escort service,” was told it would cost $13 or $15 (she was charged $13), and that there was no “discussion # * * as to *399 how many ears there would be in this escort service.” In view of the substantial distance to be traveled by the procession, such evidence would certainly not support a reasonable inference that decedent’s widow contracted with defendant for more than one police escort.